UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENVILLE

| | | |
|---|---|---|
| JAMES GAYLES, # 245238 | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-78 |
| | ) | |
| DERRICK SCHOFIELD, Comm'r; | ) | |
| REUBEN HODGE, Asst. Comm'r; | ) | |
| DAVID SEXTON, Warden; | ) | |
| TODD WIGGINS, Deputy Warden; | ) | |
| VICKIE FREEMAN, Assoc.Warden; | ) | |
| MAURICE WIDENER, Chaplain, | ) | |
| | ) | |
| | ) | |
| All in their individual and | ) | |
| official capacities | ) | |

**MEMORANDUM and ORDER**

This is a *pro se* prisoner's complaint and proposed class action under 42 U.S.C. § 1983, alleging the infringement of the First Amendment rights of members of the Five Percent Nation, which includes plaintiff. This religion is based on Koranic, Biblical, and other teachings and was founded by Clarence 13X Smith, who left the Nation of Islam and began the Allah Youth center in Mecca of Harlem, New York. Plaintiff has filed an application to proceed *in forma pauperis.*

This filing is important because, under the Prison Litigation Reform Act, a prisoner, who has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, shall not be permitted to bring a civil action under the federal pauper statutes, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In other words, a prisoner who falls within the scope of § 1915(g) is not precluded from filing his lawsuit in federal court. He is, however, precluded from filing his lawsuit at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). The three-strikes provision includes cases that were dismissed prior to the effective date of the PLRA. *Id.* at 604.

While incarcerated, plaintiff has been determined by a district court in this district to be a three-strikes litigant under § 1915(g), having had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief. *See James E. Gayles v. Donal Campbell, et al.*, Civil Action No. 3:2003-cv-34 (E.D. Tenn. Jan. 14, 2003) (order of dismissal) (citing *James E. Gayles v. Ron England, et al.*, Civil Action No. 2:1994-cv-296 (E.D. Tenn. August 4, 1994) (order of dismissal); *James E. Gayles v. Charles Beard, et al.*, Civil Action No. 2:1994-cv-415 (E.D. Tenn.

2

April 4, 1995) (order of dismissal); and *James E. Gayles v. Jamie Anderson, et al.*, Civil Action No. 2:1994-cv-486 (E.D. Tenn. March 3, 1995) (order of dismissal)).

Plaintiff does not allege that he is in "imminent danger of serious physical injury." Thus, in order to file this action, plaintiff must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* is **DENIED**. Plaintiff's complaint, which has been filed solely for the purpose of making a record and for statistical purposes, is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. §1915(g). All pending motions have been rendered **MOOT** by this dismissal.

The Court now **FINDS** that any appeal taken from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, should plaintiff file a notice of appeal, he is **DENIED** leave to proceed *in forma pauperis* and must submit the full appellate fee of $455.00 along with the notice.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3